**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Salvador Espinoza-Martinez, Civil No. 02-466 RHK/AJB

Plaintiff,

v. **REPORT AND RECOMMENDATION**

United States of America,

Defendant.

---

This matter is before the Magistrate Judge on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 7], and plaintiff's motion in opposition to defendant's motion and motion for summary judgment. [Docket No. 13]. Plaintiff commenced the action by complaint for personal injury damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. The case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.

Plaintiff is a pro se prisoner whose complaint alleges that he suffered an injury on March 6, 2001, while working at his assigned job in the kitchen at FCI–Waseca, Minnesota. Specifically, plaintiff states that he suffered a deep cut on his right thumb while he was replacing the blade in a vegetable slicer and the machine suddenly started. Twelve stitches were required to close the cut. Plaintiff contends that as a result of the injury he experiences on-going pain and suffering, permanent scarring and disfigurement, extreme emotional distress, inability to sleep,



FILED AUG 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and difficulties at work. The complaint[1] alleges that prison employees were negligent in allowing the prisoner to install the sharp blade,[2] and that plaintiff is entitled to damages resulting from such negligence under the Federal Tort Claims Act. Plaintiff seeks monetary damages in the amount of $25,000. Defendant move for dismissal for lack of subject matter jurisdiction, asserting that the plaintiff's exclusive remedy for a work related injury is under the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126(c), and that he therefore cannot proceed under the Federal Tort Claims Act. For reasons discussed below the Court concludes that the plaintiff's sole remedy lies in the Inmate Accident Compensation Act and recommends that the action be dismissed. Plaintiff is pro se. Lonnie F. Bryan, Assistant United States Attorney, represents the defendant.

**Procedural Background**

Plaintiff's injury occurred on March 6, 2001. A Bureau of Prisons injury report was completed by the prisoner on April 6, 2001.[3] The injury report was reviewed by the Safety Committee at FCI–Waseca, and an Injury–Lost-time Follow-up Report dated April 25, 2001, recited the committee's finding that the injury was work related.[4] The committee's report

---

[1] Tort Claim Complaint, Statement of Facts. [Docket No. 1].

[2] Plaintiff has further alleged that Bureau of Prisons employees were aware of the malfunctioning machine and failed to properly supervise inmates, failed to maintain all equipment in working order, and failed to keep the working area of inmates safe from harm. Memorandum of Law in Support of Plaintiff's Motion in Opposition to the Motion to dismiss by Defendant United States of America, and in Support of Plaintiff's Motion of Summary Judgment, page 4. [Docket No. 14].

[3] Declaration of Larry Gannon, Exh. 1, Attachment B. [Docket No. 12].

[4] Id., Exh. 1, Attachment C.

explicitly states that "[t]he final determination of the work relatedness of this injury is subject to review by the Inmate Accident Compensation Committee upon the filing of a claim for Inmate Accident Compensation due to a physical impairment resulting from the injury."[5] Thereafter, plaintiff filed an administrative tort claim with the North Central Regional Office of the BOP on May 9, 2001.[6] The Regional Counsel acknowledged receipt of a properly completed claim by letter to the claimant dated May 11, 2001.[7] Plaintiff was notified that his tort claim was denied by memorandum dated September 7, 2001.[8] The notice advised the prisoner that an investigation of the claim did not reveal that he had suffered personal injury as the result of the negligent acts or omissions of BOP employees acting within the scope of their employment. Plaintiff was further advised that he had six months from the date of the notice in which to file suit in United States District Court. The present action in District Court was commenced by a complaint which was timely filed on February 26, 2002. Defendant did not file an answer, but rather, responded by motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has submitted a Motion in Opposition to the Motion to Dismiss by Defendant United States of America, and Motion of Summary Judgment, accompanied by a memorandum in support of his motions.

**Nature of Review**

Defendant has moved for dismissal based upon lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to a court's subject matter jurisdiction may be raised at any

---

5 Declaration of Larry Gannon, Exh. 1, Attachment C.

6 Declaration of Mary A. Benning, Attachment B. [Docket No. 10].

7 Id.

8 Declaration of Mary A. Benning, Attachment C.

time prior to final decision in a case. Fed. R. Civ. P. 12(h)(3). Wooten v. United States, 825 F.2d 1039, 1045 (6th Cir. 1987)(citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 541-42 (1951). The sovereign immunity of the United States cannot be waived, and the court cannot apply the doctrine of judicial estoppel without express consent of Congress. Wooten at 1045. To the extent that a complaint seeks relief for work-related injuries, the Inmate Accident Compensation Act, at 18 U.S.C. § 4126(c), provides an exclusive remedy which in turn indicates lack of Congressional consent to be sued for such injuries under the Federal Tort Claims Act and absence of district court jurisdiction to consider the subject matter of the FTCA complaint. Id. 1045-46.

Jurisdiction is a threshold issue which should be decided at the outset of a case rather than on summary judgment. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). Though fact issues may arise on a challenge to jurisdiction under Fed. R. Civ. P. 12(b)(1), the trial court may weigh evidence for the purpose of determining its authority to hear the case and the existence of any disputed material facts does not preclude evaluation of the merits of jurisdictional claims. Id. at 730 (quoting Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A motion under Rule 12(b)(1) may properly be supported by affidavits or other documents addressed to the jurisdictional issue. Id. Plaintiff has the burden of showing that jurisdiction in fact exists and a jurisdictional issue that is clearly severable from the merits of the claim is properly determined prior to development of a record that would be appropriate under summary judgment standards. Id.

**Discussion**

There is essentially no fact dispute regarding the circumstances under which

plaintiff suffered his injury in this matter. The prisoner was working in the prison kitchen on the morning of March 6, 2001, when his thumb was cut as he was changing the blade in a vegetable slicing machine. The operative fact issue with respect to the jurisdiction in this case is whether the injury was work-related. Plaintiff's own complaint, as well as his memorandum in opposition to dismissal and supporting exhibits, unequivocally establishes that the injury was indeed work-related.

The Inmate Accident Compensation Act provides that the Prison Industries Fund may be used to compensate "inmates employed in any industry, or performing outstanding services in institutional operations . . . for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined. 18 U.S.C. § 4126(c)(4). Vander v. United States Dept. of Justice, 268 F.3d 661, 663 (9th Cir. 2001). The Prison Industries Fund is the sole source of compensation for work-related injury and the remedy is exclusive. Sturgeon v. Federal Prison Industries, 608 F.2d 1153, 1154 (8th Cir. 1979)(citing United States v. Demko, 385 U.S. 149, 152-53, 87 S.Ct. 382, 384-85 (1966). The prisoner's injury in this case was clearly work-related. Plaintiff states no claims and presents no facts which would place the matter outside the exclusive remedy provision of the IACA. Whatever relief may be provided through the Federal Tort Claims Act to prisoners suffering injury from the negligence of government employees, United States v. Muniz, 374 U.S. 162, 83 S.Ct. 1850 (1963), such remedies do not extent to work-related injuries. United States v. Demko, 385 U.S. at 152-53, 87 S.Ct. at 384-85. Plaintiff's FTCA claims in this action are barred and the complaint in this matter should be dismissed.

**RECOMMENDATION**

Based upon the foregoing discussion, the Magistrate Judge **recommends** that defendant's motion to dismiss [Docket No. 7] be **granted**, and that plaintiff's complaint be dismissed. It is **further recommended** that plaintiff's Motion in Opposition to the Motion to Dismiss by Defendant United States of America, and Motion of Summary Judgment be **denied** [Docket No. 13].

Dated: August 9, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 22, 2002.